UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WERAWAT ISARAPHANICH,

    Petitioner,

v.                                                                  Case No:  6:15-cv-492-Orl-31TBS
                                                                         (6:13-cr-226-Orl-31TBS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) (the "Motion to Vacate") filed by Petitioner pursuant to 28 U.S.C. § 2255.  The Government filed a Motion to Dismiss As Time-Barred (Doc. 2) (the "Motion to Dismiss") in response to the Motion to Vacate.  Petitioner filed a Reply (Doc. 4), a Supplemental Reply (Doc. 5), and a Second Supplemental Reply (Doc. 6) to the Motion to Dismiss.  For the reasons set forth herein, the Motion to Vacate is denied as untimely.

                      I.          PROCEDURAL BACKGROUND

The United States Attorney charged Petitioner by Information (Criminal Case No. 6:13-cr-226-Orl-31TBS, Doc. 14) with access device fraud.[1]  Petitioner entered into a Plea Agreement (Criminal Case Doc. 18) in which he agreed to enter a plea of guilty to the charge in the Information.  Petitioner entered his plea before Magistrate Judge

---

[1] Criminal Case No. 6:13-cr-226-Orl-31TBS will be referred to as "Criminal Case."

Thomas B. Smith, who filed a Report and Recommendation Concerning Plea of Guilty (Criminal Case Doc. 23) recommending that the Plea Agreement and the guilty plea be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly.

The Court entered an Acceptance of Plea of Guilty and Adjudication of Guilt (Criminal Case Doc. 27) accepting the guilty plea and adjudicating Petitioner guilty of the offense. On January 28, 2014, the Court entered a Judgment in a Criminal Case (Criminal Case Doc. 39) sentencing Petitioner to imprisonment for a term of sixty months, followed by supervised release for a term of three years. Petitioner did not file a direct appeal.

On December 29, 2014, Petitioner initiated a civil case in this Court by filing a motion for an extension of time in which to file a section 2255 motion. (Case number 6:14-cv-2119-Orl-31TBS). On January 5, 2015, the Court entered an Order denying the motion on the basis that the Court did not have authority to extend the statute of limitations period. As a result, the case was dismissed without prejudice. The Court also advised Petitioner that there was a "strict one-year limitation" for section 2255 movants and that "the instant case" would not excuse him from the one-year period.

In the present case, Petitioner file the Motion to Vacate on March 19, 2015, under the mailbox rule.[2]

---

[2] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686

## II. LEGAL STANDARD

A motion under section 2255 must be filed within one-year from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

## III. ANALYSIS

The Motion to Vacate is subject to dismissal because it was not timely filed within the one-year period of limitation set forth in section 2255. As already noted, the judgment of conviction was entered by the Court on January 28, 2014. Because no appeal was filed, the judgment of conviction became final fourteen days after the entry of judgment by the Court. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (holding that a conviction that is not appealed becomes final when the time

---

F.3d 1203, 1205 (11th Cir. 2012) (quotations omitted). Absent evidence to the contrary, the Court assumes that a prisoner delivered a filing to prison authorities on the date that he signed it. *Id*.

3

allotted for filing an appeal expires).[3] Thus, Petitioner's conviction became final on February 11, 2014. As a result, Petitioner had until February 11, 2015, to file a section 2255 motion.

Petitioner argues that his "original 2255 motion was submitted timely . . . on December 31, 2014." (Doc. 5 at 1). He also argues that he had limited access to the prison law library and that he had difficulty obtaining legal documents in a timely manner.

The Court rejects Petitioner's arguments. First, as discussed above, the prior case involved a request for an extension of time to file a section 2255 motion, and it was dismissed without prejudice. Consequently, the claims raised in the instant Motion to Vacate could not "relate back" to the proceedings in case number 6:14-cv-2119-Orl-31TBS.

Next, limited access to the prison law library is not a basis for tolling. The Eleventh Circuit Court of Appeals has determined that the "mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." *Sanchez v. United States*, 170 F. App'x 643, 647 (11th Cir. 2006) (quotation omitted and citation omitted).

---

[3] *See* Fed. R. App. P. 4(b)(1)(A)(i) ("a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed[.]").

Finally, a petitioner's lack of legal documents is not considered an extraordinary circumstance that would excuse an untimely section 2255 motion. *See Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007).

Under the circumstances, Petitioner has failed to present anything to suggest that he is entitled to tolling in this case. Therefore, the Motion to Vacate is denied as untimely.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### V. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability.

4. The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:13-cr-226-Orl-31TBS.

5. The Clerk of the Court is directed to terminate the section 2255 motion (Criminal Case Doc. 54) filed in criminal case number 6:13-cr-226-Orl-31TBS.

**DONE** and **ORDERED** in Orlando, Florida on December 15, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 12/15

6