UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WERAWAT ISARAPHANICH,

    Petitioner,

v.                                                                 Case No: 6:15-cv-492-Orl-31TBS
                                                                              (6:13-cr-226-Orl-31TBS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

This cause is before the Court on the Order (Doc. 26) entered by the Eleventh Circuit Court of Appeals on October 20, 2017.[1] Petitioner initiated this case by filing a Motion to Vacate, Set Aside, or Correct Sentence in March 2015 ("March 2015 Motion to Vacate," Doc. 1) pursuant to 28 U.S.C. § 2255. The March 2015 Motion to Vacate was filed with the Court on March 26, 2015, but was deemed filed on March 19, 2015, under the mailbox rule. The Court entered an Order on December 15, 2015, dismissing the case as untimely. (Doc. 7). Petitioner appealed, and the Eleventh Circuit Court of Appeals ("Eleventh Circuit") entered an Order vacating the order of dismissal and remanding the case to this Court "to accept new evidence and conduct further proceedings as to the timeliness of [Petitioner's] § 2255 motion." (Doc. 26 at 2).

---

[1] The Mandate was issued on the same date.

The Court then entered an Order (Doc. 28) requiring the parties to file (a) documents or other evidence related to the timeliness of the March 2015 Motion to Vacate, and (b) a memorandum of law discussing the timeliness of the March 2015 Motion to Vacate in light of the additional evidence. Petitioner filed a Memorandum of Law In Support of Timeliness of Motion to Vacate (Doc. 29), a Supplemental Memorandum of Law In Support of Petitioner's Motion to Vacate (Doc. 30), and an Affidavit (Doc. 31). The Government filed a Memorandum of Law In Opposition to Petitioner's Memorandum of Law In Support of Timeliness of Motion to Vacate (Doc. 33).

## I.  Procedural Background

The procedural background of this case is set forth in the Court's Order of December 15, 2015 (Doc. 7).

## II.  Analysis

In the present case, the Judgment of Conviction was entered by the Court on January 28, 2014. Because no appeal was filed, the Judgment of Conviction became final fourteen days after its entry by the Court. Thus, Petitioner's conviction became final on February 11, 2014, and Petitioner had until February 11, 2015, to file a section 2255 motion. As a result, the Court found that the Motion to Vacate was untimely because it was filed over a month later, in March.

According to Petitioner, he prepared a draft Motion to Vacate in "late December, 201[4]," and "instead of filing [it], he allowed another inmate who styled himself as a `Jail-House Lawyer' to read his Motion." (Doc. 29 at 2). This "inmate convinced the Petitioner that changes were necessary and that rather than file the Motion to Vacate as

2

prepared, he should instead file a request for extension of time." (*Id*.). As a result, Petitioner prepared a motion for extension of time and sent it to this Court on December 28, 2014. (*Id*. at 2-3). The motion for extension of time was filed on December 29, 2014, and it was denied on January 5, 2015. (Criminal Case 6:13-cr-226-Orl-31TBS, Doc. Nos. 46, 47).

Petitioner states that he "consider[ed] the changes that the `Jail-House Lawyer' was suggesting" and that he "decided not to let him make the changes, and instead proceeded to file the Motion to Vacate as prepared." (Doc. 29 at 3). Petitioner claims that this Motion to Vacate (hereinafter referred to as the "December 2014 Motion to Vacate") "was made on December 31, 2014 by again using FPC Otisville's Legal Mail System." (*Id*. at 3, 9). However, Petitioner acknowledges that the Court's "Docket Sheet does not reflect receipt of this filing." (*Id*. at 3-4).

Because Petitioner did not receive a response from the Court, he asked his wife to inquire with the Court as to the status of the December 2014 Motion to Vacate. (*Id*. at 4). Petitioner's wife informed him that the December 2014 Motion to Vacate had not been received by the Court, and Petitioner acknowledges that the Court did not receive the December 2014 Motion to Vacate. (*Id*. at 3-4).[2]

---

[2] Petitioner did not specify any dates with regard to when he contacted his wife or when she informed him that the December 2014 Motion to Vacate had not been filed.

3

Petitioner states that, [i]n order to rectify this non-receipt, [he] signed *a copy of the original [December 2014] Motion*, and filed it with the Court." (*Id*.) (emphasis added).³ The Court received the March 2015 Motion to Vacate on March 26, 2015, and it was deemed filed on March 19, 2015, under the mailbox rule. (Doc. 1). Petitioner argues that, although the Court did not receive the December 2014 Motion to Vacate, the Court should construe that Motion to Vacate as having been filed on December 31, 2014, under the mailbox rule.

Respondents provided a copy of the outgoing mail log from FCI Otisville, where Petitioner was incarcerated at the times relevant to this discussion, and it reveals that Petitioner sent a document to the "United States District Court Office of the Clerk" on December 31, 2014. (Doc. 33-2 at 2). The nature of the document is not revealed in the mail log, and it is not in any manner identified.

A defendant seeking to vacate his sentence bears the burden of sustaining his contentions by a preponderance of the evidence. *In re Moore,* 830 F.3d 1268, 1272 (11th Cir. 2016).⁴ The Court finds that Petitioner has not met his burden.

---

³ Petitioner mentions on several occasions that the March 2015 Motion to Vacate was a "copy" of the December 2014 Motion to Vacate. (Doc. 29 at 4, 7, 10).

⁴ The Government cites to *Bullock v. United States*, 665 Fed. App'x 739, 741 (11th Cir. 2014) for the proposition that the burden is on the Government to prove that the petitioner delivered his initial section 2255 motion to prison authorities on a date other than what had been claimed. (Doc. 33 at 14). However, in *Bullock*, the Eleventh Circuit held that the burden was on the Government to prove that the motion was delivered to prison authorities on a date other than the date the prisoner signed it. *Bullock*, 739 F. App'x at 741. In the present case, the Government is not arguing that the March 2015 Motion to Vacate was delivered to prison authorities on a date other than the date Petitioner signed it.

First, Petitioner mentions that the March 2015 Motion to Vacate was a "copy" of the December 2014 Motion to Vacate. However, in the March 2015 Motion to Vacate, Petitioner identified two Motions to Amend Presentence Report that he filed in criminal case number 6: 6:13-cr-226-Orl-31TBS on January 26, 2015 (Criminal Case Doc. 48), and on February 27, 2015 (Criminal Case Doc. 52). (Doc. 1 at 2-3). Since those motions were filed after December 2014, it is doubtful that the March 2015 Motion to Vacate was a copy of the December 2014 Motion to Vacate.

Second, in the March 2015 Motion to Vacate, Petitioner discussed the timeliness of the motion. Petitioner stated that he "was waiting for counsel to send court documents to" him, that he had requested an extension of time to file a section 2255 motion before the expiration of the one-year limitations period, and that he "started a motion prior to the expiration of the one-year statute of limitations with a motion to amend or correct [his] Presentence Investigation Report." (Doc. 1 at 12). However, Petitioner did not mention the December 2014 Motion to Vacate or in any manner indicate that he had previously attempted to file a section 2255 motion. Likewise, on June 11, 2015, when replying to the Government's Motion to Dismiss As Time-Barred (Doc. 2), Petitioner stated that he had requested an extension of time to file a section 2255 motion and that he had "started [a] motion to amend or correct [his] Presentence Investigation Report during [his] time of eligibility." (Doc. 4). Again, Petitioner did not mention the December 2014 Motion to Vacate.

Third, Petitioner has not provided the Court with copy of the December 2014 Motion to Vacate, and he has provided no explanation for failing to do so. Moreover, he

5

did not submit affidavits from either the "jailhouse lawyer" or his wife, who were referenced as having knowledge of these events.

Finally, the record reflects that Petitioner sent a letter dated December 28, 2014, to the United States Probation Office and to this Court regarding a discrepancy in his Presentence Investigation Report. (Doc. 33-4 at 1). The letter was received by the United States Probation Office on January 5, 2015. (*Id*.). As mentioned earlier, the outgoing mail log from FCI Otisville, where Petitioner was incarcerated at the times relevant to this discussion, reveals that Petitioner sent a document to the "United States District Court Office of the Clerk" on December 31, 2014. (Doc. 33-2 at 2). The nature of the document is not revealed in the mail log, however, it is plausible that the outgoing mail from December 31, 2014, was this letter. Petitioner has provided no evidence to the contrary or otherwise explained whether this letter was the outgoing mail from December 31, 2014.

As already noted, Petitioner's conviction became final on February 11, 2014. As a result, Petitioner had until February 11, 2015, to file a section 2255 motion. He did not do so, and the March 2015 Motion to Vacate is untimely.

The Court finds that Petitioner has failed to demonstrate that he filed a Motion to Vacate prior to March 19, 2015. Moreover, Petitioner has failed to present anything to suggest that he is entitled to equitable tolling in this case. Therefore, the March 2015 Motion to Vacate (Doc. 1) is denied as untimely because it was not filed within the one-year period of limitation set forth in section 2255.

### III. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability.

4. The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:13-cr-226-Orl-31TBS.

5. The Clerk of the Court is directed to return the record, as supplemented, to the Eleventh Circuit Court of Appeals.

**DONE** and **ORDERED** in Orlando, Florida on January 17, 2018.



_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Eleventh Circuit Court of Appeals
Counsel of Record
Unrepresented Party
OrlP-2 1/17